<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CARL NAPIER & JIHAD BIBBS, SR. | No. 24cr455 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

On April 22, 2025, Mr. Michael A. Policastro, counsel for Defendant Jihad Bibbs Sr., appeared on the Court's order to show cause why (1) he should not be held in contempt of court for violation of this Court's Order Imposing Sanctions, D.E. 56 ("Sanctions Order"); and (2) why the Court should not refer Mr. Policastro to the New Jersey Office of Attorney Ethics for a potential violation of N.J. Ct. R. RPC 1.3 - Diligence. For the following reasons, the Court declines to hold Mr. Policastro in contempt and will not refer the matter to the New Jersey Office of Attorney Ethics at this time. However, the Court cautions Mr. Policastro in the strongest possible terms that he must comply with Court orders and actively monitor this case and diligently represent his client; otherwise this Court will consider imposing sanctions.

**I.    BACKGROUND**

The Court held a status conference in this matter on February 28, 2025. D.E. 53. Defendants Carl Napier and Mr. Bibbs (both detained pre-trial), counsel for Defendant Napier, and the Government appeared. Despite twice receiving notice of the conference via the Court's CM/ECF system, Mr. Policastro failed to appear.

On February 28, 2025, the Court ordered Mr. Policastro, by March 7, 2025, to show cause in writing why sanctions should not issue against him for his failure to appear at the February 28, 2025 status conference in this matter. D.E. 54. He did not file anything. On March 12, 2025, the Court sanctioned Mr. Policastro. Sanctions Order.

The Court ordered Mr. Policastro to (1), within 10 days of the Sanctions Order, share a copy of the Sanctions Order with Mr. Bibbs, issue a formal written apology to Mr. Bibbs for failing to appear for the status conference scheduled on February 28, 2025, and file a certification attesting that he has done so; and (2) pay a reasonable estimate of the costs associated with transporting Mr. Bibbs from the detention facility where he is being held to court and back again on February 28, 2025, including but not limited to resources expended by the U.S. Marshals. *Id.* at 4. The Court ordered the Government to file a reasonable estimate of such costs. *Id.*

On March 31, 2025, the Government provided its estimate. D.E. 60 ("Estimate"). The Government explained that it "consulted with the United States Marshals Service ("USMS") for the District of New Jersey to generate a cost estimate for the transport of [Mr. Bibbs]." *Id.* at 1. The Government further explained that the transport between the Essex County Correctional Facility ("ECCF") (where Mr. Bibbs is being detained) and the District Court is governed by the terms of a contract between USMS and ECCF. *Id.* The USMS reviewed the contract and calculated the cost for transporting Mr. Bibbs from ECCF to the District Court and back is approximately $397. *Id.* This figure is comprised of (1) $390 for two ECCF officers working for approximately 3 hours at an hourly rate of $65/hour; and (2) $7 for per mile transport cost of .70 cents/mile for a round-trip distance of 10 miles. *Id.* at 2.[1]

---

[1] The Government further explained that its estimate does not account for the hours spent by USMS officials supervising Mr. Bibbs at the courthouse and during Mr. Bibbs' appearance because it is not possible to put a monetary value on their work related only to the appearance of Mr. Bibbs. *Id.*

2

The Court adopted the Government's estimate and ordered Mr. Policastro, by April 23, 2025, to pay $397 to the United States District Court Clerk, for further distribution to the USMS, as further sanction for failing to appear at the February 28, 2025 status conference.  D.E. 63.

After the April 22, 2025 contempt hearing, that same day, Mr. Policastro filed the certification required by the Sanctions Order.  D.E. 64 ("Certification").  The Certification is dated April 9, 2025.  Mr. Policastro certifies, *inter alia*, that he met with Mr. Bibbs in person, apologized to him directly and provided him with a written apology, and paid the $397 ordered by the Court's April 2, 2025 Order, D.E. 63.  Certification.  On April 23, 2025, the Clerk entered a note on the docket indicating that it had received the required payment on April 17, 2025.[2]  *See* Dkt.

## II.   LEGAL STANDARD

Pursuant to 18 U.S.C. § 401, the Court has the "power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority," for, *inter alia*, "[d]isobedience or resistance to its lawful . . . order."  18 U.S.C. § 401(3).  Contempt can be criminal or civil.  "Civil contempt differs from criminal contempt in that it seeks only to coerc[e] the defendant to do what a court had previously ordered him to do."  *Turner v. Rogers*, 564 U.S. 431, 441 (2011) (cleaned up).  Civil contempt is not a criminal case and certain rights applicable to criminal cases do not apply (e.g. Sixth Amendment right to counsel).  *See id.*  The Court considers civil contempt here.

"To prove civil contempt the court must find that (1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order."  *John T. ex rel. Paul T. v. Delaware County Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003) (quoting *Harris v. City of Philadelphia*, 47 F.3d 1342, 1349 (3d Cir. 1995)) (the "*Harris* Elements").  The *Harris*

---

[2] On April 22, 2025, the Court asked the Clerk's office whether it had received payment yet and the Clerk's office indicated that it had not.  However, this now appears to be inaccurate as the Clerk's office now indicates on the Docket that it received payment on April 17, 2025.

Elements must be proven by "clear and convincing" evidence, and "ambiguities must be resolved in favor of the party charged with contempt." *Id.*

### III. ANALYSIS

At Mr. Policastro's contempt hearing, the evidence established that Mr. Policastro, who admittedly almost never practices in federal court, relied on his assistant to stay up to date on this matter and did not review the docket himself. Indeed, it appeared that Mr. Policastro was generally unfamiliar with this Court's CM/ECF filing system that is in place for all criminal actions. *See Electronic Case Filing Policies and Procedures*, United States District Court for the District of New Jersey, https://www.njd.uscourts.gov/sites/njd/files/PoliciesandProcedures2014.pdf (Apr. 3, 2014).

After receiving outreach from a fellow attorney informing him of the Sanctions Order, on or before April 2, 2025, Mr. Policastro reviewed the order and subsequently provided a copy of the Sanctions Order to Mr. Bibbs along with a formal written apology for failing to appear at the status conference on February 28, 2025, as required by the Sanctions Order. However, Mr. Policastro did not timely file the certification required by the Sanctions Order confirming that he had provided the Sanctions Order to Mr. Bibbs along with a formal written apology. Mr. Policastro was under the impression that his assistant filed the certification but had apparently not confirmed himself by reference to the docket. Mr. Policastro assured the Court that this certification would be filed by the end of the day, April 22, 2025. Indeed, Mr. Policastro filed the required certification, albeit belatedly, the same day. Certification. Despite failing to timely file the Certification, the Court is satisfied that Mr. Policastro did timely provide Mr. Bibbs with a formal written apology and a copy of the Sanctions Order.

The Sanctions Order and subsequent April 2, 2025 Order, D.E. 63, also required Mr. Policastro to pay $397 to the United States District Court Clerk, by April 23, 2025, for further

4

distribution to the USMS, as further sanction for failing to appear at the February 28, 2025 status conference. Mr. Policastro represented that this payment had been sent via mail on or about April 8, 2025. Certification ¶ 4. On April 23, 2025, the Clerk of the Court noted on the Docket that it received payment on April 17, 2025. *See* Dkt.

Although Mr. Policastro was aware of the valid Sanctions Order, and although he failed to comply with the Sanctions Order by not timely filing the required certification, he did timely provide Mr. Bibbs with a formal written apology and a copy of the Sanctions Order as required. Furthermore, Mr. Policastro timely complied with the requirement to submit the $397 called for by the Court's April 2 Order, D.E. 63. Therefore, the Court will decline to hold Mr. Policastro in contempt of court. However, the Court will order Mr. Policastro to familiarize himself with the Federal Rules of Criminal Procedure, this Court's Local Civil and Criminal Rules, the undersigned's judicial preferences, as well as information on the Court's CM/ECF system to ensure that he is prepared to represent his client in this matter.

The Court cautions Mr. Policastro in the strongest terms possible that future failures to appear, comply with the Court's orders, and diligently and effectively represent his client in this matter will not be tolerated and the Court may impose additional and more severe sanctions should circumstances warranting such sanctions come to pass.

**IV.    CONCLUSION AND ORDER**

Therefore, for the reasons stated herein, **IT IS** on this **2nd** day of May 2025,

**ORDERED** that the Court will decline to hold Mr. Policastro in contempt at this juncture; and it is further

**ORDERED** that Mr. Policastro shall actively monitor the docket *himself* to stay up to date on this matter, consistent with his professional obligation of diligence; and it is further

**ORDERED** that, within **30 days** of this Order, Mr. Policastro shall personally review the

5

Federal Rules of Criminal Procedure, this Court's Local Civil and Criminal Rules, and the undersigned's judicial preferences and certify in writing that he has done so; and it is further

**ORDERED** that, within **30 days** of this Order, Mr. Policastro shall personally review this Court's "ECF Policies and Procedures," "ECF User's Manual," the resources contained in the Court's "CM/ECF User Guide Information," and the "Frequently Asked Questions" regarding CM/ECF, available at https://www.njd.uscourts.gov/cmecf-information, and certify in writing that he has done so; and it is further

**ORDERED** that, within **30 days** of this Order, Mr. Policastro shall personally review the videos prepared by the U.S. District Court for the Western District of New York entitled "CM/ECF Pro Se E-Filing: Intro to CM/ECF and Pacer (Video 3)," available at https://www.youtube.com/watch?v=Qh70FePdZ20, "CM/ECF Pro Se E-Filing: Uploading Documents (Video 5)," available at https://www.youtube.com/watch?v=kDYTlp6rDHE, "CM/ECF Pro Se E-Filing: Filing Motions (Video 6)," available at https://www.youtube.com/watch?v=9jHK8ZJJ23M, "CM/ECF Pro Se E-Filing: Filing Responses or Replies (Video 7)," available at https://www.youtube.com/watch?v=biM0qTLxWKo&t=84s, and certify in writing that he has done so; and it is finally

**ORDERED** that, within **30 days** of this Order, Mr. Policastro shall personally contact the Federal Bar Association to inquire whether the Federal Bar Association offers any trainings on CM/ECF and, if so, shall register for one such training and certify in writing that he has done so; to the extent no such trainings are available, Mr. Policastro shall set forth in writing the steps he has undertaken to identify and register for any trainings.

*(signature)*
Evelyn Padin, U.S.D.J.